IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| Victor N. Browne Jr., Jimmie Breckenridge, Shane Ellinger, Gary Klein, Blake Schaat Roger Tofslie and Tracy Tofslie, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 1-16-cv-355 |
| v. | ) ) ) | **STIPULATED** |
| Cypress Energy Management, LLC, and Cypress Energy Management — Bakken Operations, LLC, | ) ) ) ) | **PROTECTIVE ORDER** |
| Defendants. | ) | |

## I. SCOPE AND IMPLEMENTATION OF THE PROTECTIVE ORDER

1. This Stipulated Protective Order ("Protective Order") will govern the handling and dissemination of documents stamped as CONFIDENTIAL and produced or disclosed in the course of the above-captioned action ("Action") by Victor N. Browne Jr., Jimmie Breckenridge, Shane Ellinger, Gary Klein, Blake Schaat, Roger Tofslie, Tracey Tofslie, Cypress Energy Management, LLC, or Cypress Energy Management – Bakken Operations, LLC (hereinafter collectively referred to as "Parties").

2. All Confidential Information (as the term is hereafter defined) produced formally or informally by the Parties contained in deposition or trial testimony, answers to interrogatories, or responses to requests for documents, including copies, summaries and abstracts of the foregoing, (hereinafter collectively referred to as the "Information") shall be used solely for the purpose of the above-captioned litigation, and not in connection with any other litigation or

judicial proceeding or for any business, commercial, competitive, personal or other purpose whatsoever. However, nothing herein shall prohibit documents or deposition testimony from being turned over to law enforcement agencies.

II. **DESIGNATION OF CONFIDENTIAL INFORMATION**

1. Confidential Information is information which a party reasonably and in good faith would not normally reveal to others unless such others would maintain it in confidence.

2. Before the production of the Documents and Information containing Confidential Information, the party producing the Documents and Information ("Producing Party"), shall mark each page containing such Confidential Information with a legend substantially in the following form: "CONFIDENTIAL". If any Confidential Information is disclosed in deposition testimony, the party claiming confidentiality shall notify the other parties of the portion of the testimony for which such treatment is sought within 21 days after receipt of the transcript, and each page of the transcript which contains Confidential Information shall be marked with such a legend and delivered by the party claiming confidentiality to all other parties within a reasonable time period thereafter. Deposition transcripts shall be considered Confidential Information in their entirety until the expiration of the 21-day period.

3. With regard to non-written materials, such as recordings, magnetic media, photographs and things, containing Confidential Information, the legend shall be affixed to the material, or a container for it, at the time of production.

4. Excluding law enforcement, Confidential Information shall not be given, shown, made available, or communicated in any way to anyone other than those-persons described in Section III, Paragraph 1, below.

**III.     DISCLOSURE OR USE OF CONFIDENTIAL INFORMATION**

1. The party to whom Confidential Information is produced ("Receiving Party"), may disclose, summarize, describe, reveal or otherwise make available the Confidential Information, in whole or in part, only in accordance with the terms of this Protective Order, and only to the following persons:

   a) attorneys of record in this Action and their associates and staff;

   b) the Court and Court personnel;

   c) deposition and trial witnesses and court reporters;

   d) the parties and their officers, directors, managers, or employees to the extent necessary for the prosecution of this Action; and

   e) independent experts and consultants to the extent necessary for the prosecution of this action, and provided that they first fully execute a copy of the document entitled "Written Assurance," which is attached hereto and as Exhibit A.

2. Confidential Information used in connection with any motion or hearing in connection with this Action shall be filed under seal, submitted to the Court for in camera inspection, or submitted to the Court in such other manner as the parties may agree. If confidential Documents and Information are submitted to the Court under seal, the Documents and Information must be sealed in an envelope labeled "Confidential—filed under seal pursuant to Stipulation."

3. The Documents and Information disclosed pursuant to the provisions of this Protective Order and designated by the Producing Party as Confidential Information, remain subject to the provisions of this Protective Order notwithstanding the fact that the Receiving Party has, or may be able to acquire said Documents and Information from another source.

**IV.     OBJECTIONS TO CONFIDENTIAL DESIGNATIONS**

1. If any party objects to the designation of the Documents and Information as Confidential Information and the parties are unable to resolve such objection, the objecting party may move the Court for an Order declaring that the information so designated is not entitled to protection. During the pendency of such motion, and until determination on the merits has been made by the Court, the material claimed to be Confidential Information shall continue to be treated as if such designation is appropriate under the terms of this Protective Order.

2. The parties are not obligated to challenge the designation of any Confidential Information at the time of receipt, disclosure, or designation thereof, and a failure to do so shall not preclude a subsequent challenge.

**V.     INADVERTENT PRODUCTION OF DOCUMENTS OR INFORMATION**

1. Inadvertent failure to designate any Documents and Information that the Producing Party later determines should have been designated Confidential Information will not be deemed a waiver of the right to make that designation. The party to whom such inadvertent disclosure is made shall, upon written request by the Producing Party, treat such material as Confidential Information in accordance with this Protective Order. Upon receipt of such written notice, the party who received the previously undesignated Confidential Information shall make all reasonable efforts under the circumstances to: (1) retrieve all such material disclosed to persons other than those so authorized pursuant to this Protective Order; (2) affix appropriate legends to the Confidential Information as provided herein; and (3) prevent further use or disclosure of the Documents or Information contained in the previously undesignated Confidential Information by or to persons other than those so authorized herein.

2. Inadvertent production of the Documents and Information subject to work product immunity or the attorney-client privilege shall not constitute a waiver of this immunity or privilege, provided that the Producing Party shall notify the Receiving Party of such inadvertent production no later than the first time the Producing Party knows or should have known of its use by the Receiving Party. Those inadvertently produced Documents and Information shall be returned to the Producing Party upon request, and the Receiving Party shall destroy all copies thereof, including electronic copies, as well as all notes, memoranda or other documents that summarize, discuss or quote the Documents and Information. No use shall be made of such Documents and Information during deposition or at trial, nor shall they be shown to anyone who has not already been given access to them after the request to return them. With respect to the application of any claim of privilege or immunity for inadvertently produced materials, if the parties are unable to reach a satisfactory agreement within fifteen business (15) days, the Producing Party may, within fifteen (15) business days thereafter, petition the Court to resolve the matter. The Receiving Party shall not disclose the document, for which the belated claim of immunity or privilege is being made, to any persons, other than those persons who have had it in their possession before the receipt of notification from the Producing Party, until the expiration of the fifteen (15) day period identified in this paragraph or, if the matter is submitted to the Court, until disposition of the matter. Nothing in this Protective Order precludes either party from petitioning the Court for return of later-discovered, inadvertently produced attorney work product or attorney-client privileged documents.

## VI. MAINTENANCE OF CONFIDENTIAL INFORMATION

1. All persons who receive Confidential Information in accordance with the terms of this Protective Order shall maintain the same, at all times, in secure facilities with reasonable

precautions taken to ensure that access to such material is restricted to persons entitled to have such access pursuant to this Protective Order. It is stipulated that the offices of counsel for both parties constitute suitable secure facilities.

2. Within 45 calendar days after the conclusion of this Action in its entirety, including all appeals, all parties or persons having received Confidential Information shall dispose of all designated materials either by destruction or by returning such materials to counsel of record for the Producing Party. Notwithstanding this provision, external legal counsel of record are entitled to retain an archival copy of all pleadings, motion papers, transcripts, deposition transcripts, legal memoranda, correspondence, documents produced, or attorney work product, even if such materials contain Confidential Information. Any such archival copy that contains or constitutes Confidential Information shall remain confidential and subject to this Protective Order.

## VII. UNAUTHORIZED DISCLOSURE

1. In the event of disclosure of any Confidential Information to a person not authorized for access to such material in accordance with the provisions hereof, the party responsible for having made, and any party with knowledge of, such disclosure shall immediately inform counsel for the Producing Party whose Confidential Information has thus been disclosed of all known relevant information concerning the nature and circumstances of the disclosure. The party responsible shall also promptly take all reasonable measures to ensure that no further unauthorized disclosure or use of the Confidential Information is made. Each party shall cooperate in good faith in that effort.

## VII. LIMITS AND DURATION OF THIS PROTECTIVE ORDER

1. Entering into, agreeing to, or otherwise complying with the terms of this Protective Order, including producing or receiving Confidential Information, shall not:

   a) prevent the parties to this Protective Order from agreeing to alter or waive the provisions or protections provided for herein with respect to any Confidential Information;

   b) prejudice in any way the rights of a party to object to any discovery request seeking production of material it considers not subject to discovery;

   c) prejudice in any way the rights of a party to seek a determination by the Court that any requested discovery be made; or

   d) prejudice in any way the rights of a party to apply to the Court for further protective orders or modifications of this Protective Order.

2. This Protective Order shall govern the parties' actions and will survive the termination of this Action.

3. The foregoing is agreed and stipulated to by the Parties, through their counsel, as indicated below.

Dated: April 10, 2017                    /s/ Leo F.J. Wilking
                                         Leo F.J. Wilking
                                         Wilking Law Firm, PLLC
                                         P.O. Box 3085
                                         Fargo, North Dakota 58108-3085
                                         Phone: 701-356-6823
                                         Fax: 701-478-7621
                                         lwilking@wilkinglaw.com

                                         *Attorney for Plaintiffs*

Dated: April 10, 2017            By:    /s/ Eli K. Best
                                         Joseph M. Sokolowski (MN Bar No. 0178366)*
                                         Eli K. Best (MN Bar No. 0395212)*
                                         **FREDRIKSON & BYRON, P.A.**
                                         200 South Sixth Street, Suite 4000
                                         Minneapolis, MN  55402-1425
                                         Telephone:  612.492.7000
                                         jsokolowski@fredlaw.com
                                         ebest@fredlaw.com

                                         *Admitted to Practice in this Court

                                         *Attorneys for Defendants*

## ORDER

The court **ADOPTS** the parties' Stipulated Protective Order without addition or modification.

**IT IS SO ORDERED.**

Dated this 18th day of April, 2017.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr., Magistrate Judge
United States District Court

## Exhibit A to Stipulated Protective Order

### WRITTEN ASSURANCE

_____ declares that:

I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and I understand the terms of the Protective Order dated _____, filed in Case No. 1-16-cv-355, pending in the United States District Court for the District of North Dakota. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than 30 days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential" and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents.

I submit myself to the jurisdiction of the United States District Court for the District of North Dakota for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on _____  _____
                 (Date)                                                                   (Signature)